UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JOSEPH,

    Plaintiff,

v.                                   Case No. 14-11024

JACOB JOSEPH LEW,

    Defendant.
                                     /

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

On March 10, 2014, *pro se* Plaintiff Kevin Joseph filed a "Libel of Review,"[1] *i.e.*, a purported complaint against Defendant Jacob Joseph Lew. In the opening paragraph of his complaint, Plaintiff states:

> Comes now Libellant Kevin Joseph of the ROBINSON family making a special visitation by absolute ministerial right to the district court, "restricted appearance" under Rule E (8). Jacob Joseph LEW has been making false claims and this counterclaim and notice lis pendens are not in the "exclusive original cognizance" of the United States through the district court - see the First Judiciary Act of September 24, 1789, Chapter 20, page 77.

(Pg. ID # 1.) The balance of the complaint proceeds in a similar pseudo-legal, but ultimately meaningless fashion. Plaintiff, suing the Secretary of the Treasury, appears to claim that he should not be subject to taxes.

---

[1] A "Libel of Review" is, in actuality, a means to achieve an equitable remedy known only in admiralty law, one roughly equivalent to Rule 59 and 60 in the Federal Rules of Civil Procedure. *Hall v. Chisholm* 117 F. 807, 810 (6th Cir. 1902) ("[A] court of admiralty may entertain a libel of review to correct its decree after the expiration of the term, where the petitioner is shown to be free from fraud or negligence in the matter, and the entering of the decree shows such fraud, or its equivalent, in effect, upon the rights of the petitioner, as to require the remedial action of the court upon principles of justice.")

Plaintiff has paid the requisite filing fee and therefore his complaint is not subject to screening for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir.1983). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *see also Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact" and includes allegations that are "clearly baseless", "fantastic", or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The incomprehensible and meandering nature of Plaintiff's internet-format,[2] fill-in-the-blanks "libel of review" complaint reveals it as lacking an arguable basis in law or fact. Accordingly,

Plaintiff's complaint [Dkt. # 1] is DISMISSED.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: March 24, 2014

---

[2] The complaint appears to have been lifted from readily available forms. Compare the instant complaint with the "generic counterclaim Sanitized.doc" found at https://docs.google.com/document/d/18eglCMnLuLDn1dxW_JLdKZlzd65p6fxsmnKFeYcPxxA/edit (last visited March 21, 2014).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2014, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner  
                                                  Case Manager and Deputy Clerk  
                                                  (313) 234-5522